UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

DOROTHY MAE WILSON,                  Case No.: 13-43731
                                                        Chapter 13
       Debtor.                                      Hon. Walter Shapero
_____/

DOROTHY MAE WILSON

       Plaintiff,

v.                                                             Adv. Pro. No.: 13-04296

CITY OF DETROIT PROPERTY TAX DIVISION
and WAYNE COUNTY TREASURER

       Defendants.
_____/

## OPINION DENYING WAYNE COUNTY TREASURER'S MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

The Debtor filed the present Chapter 13 bankruptcy on February 28, 2013 indicating various property tax debts for multiple years owed to Defendants. Defendants filed proofs of claim for those taxes covering Debtor's primary residence in Detroit.[1] In her Chapter 13 plan, Debtor proposed to treat these claims as follows: (a) the 2008, 2009, and 2010 taxes to be paid in full with interest as modified claims; (b) the claims for the 2011 taxes to be "crammed down" based on the value of the property; and (c) the 2012 taxes to be stripped pursuant to 11 U.S.C. § 506 via this adversary proceeding, resulting in their being treated as unsecured claims. The Wayne

---

[1] Once property taxes are delinquent for over 12 months, they are forwarded from the City of Detroit to the Wayne County Treasurer. See Mich. Comp. Laws § 211.78g.

County Treasurer objected to the confirmation of the plan in the main case and moved for summary judgment in this lien strip proceeding.

## SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell Intern. Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Williams v. Leatherwood, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## DISCUSSION

The Treasurer's first argues that both the bankruptcy petition and the adversary proceeding were filed in bad faith. The Treasurer states that if a delinquent taxpayer files a bankruptcy before March 31, the Treasurer halts any foreclosure proceedings relating to a current tax, as is required by the automatic stay. The Treasurer contends that, because the Debtor filed this case in late February and had filed a prior Chapter 13 case in February of 2007 in which she failed to pay her delinquent property tax debts, she is attempting in bad faith to thwart the foreclosure

actions and to avoid paying her taxes. The bad faith claim is without merit because the facts asserted in support are largely, if not exclusively, facts pertaining to the Treasurer's claim that the bankruptcy case itself was filed in bad faith. The situations and considerations are different between the two and, in any event, are factually intensive. The legal issues raised in conjunction with this argument are insufficient to warrant summary judgment. Further, it is not improper or even uncommon for a debtor to file bankruptcy on the eve of an adverse legal proceeding.

The Court is also not persuaded by the Treasurer's argument that the Debtor is not entitled to a discharge in this bankruptcy case pursuant to § 1328(f)(2), which denies a debtor a discharge if she had received a discharge "in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order." Although the Debtor filed the prior case on February 7, 2007 and was discharged on March 7, 2012, the Court must look at the date of filing, rather than the date of the first discharge. See In re Bateman, 515 F.3d 272, 280 (4th Cir. 2008) ("the plain language of § 1328(f) supports a 'filing date to filing date' interpretation"); In re Sanders, 551 F.3d 397, 400 (6th Cir. 2008).

Next, the Treasurer argues that the Debtor cannot succeed in stripping the liens in this adversary proceeding because such would run afoul of § 505(a)(2)(c), which precludes the Court from determining "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired." The Treasurer states that the Debtor's opportunity to contest the taxes through applicable state remedies has expired. However, this argument is unpersuasive because the Debtor is not seeking to challenge the amount or legality of the tax debts. Rather, the Debtor concedes she owes the debts as

claimed. What she seeks to do in this adversary proceeding is to determine (a) whether and to what extent the debts are secured by liens; and (b) whether she may strip such liens.

Lastly, the Treasurer argues that even if a portion of the tax claims are deemed unsecured, that unsecured claim would be entitled to priority status and, pursuant to § 1322(a)(2), must be paid in full. In other words, the Treasurer views this adversary proceeding as futile. Section 507(a)(8)(b) grants priority status to "allowed unsecured claims of governmental units, only to the extent that such claims are for… a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition[.]" The parties stipulate that the Treasurer here is a governmental unit and the claims relate to pre-petition property taxes. The remaining question is whether these debts were payable "without penalty after one year before the date of the filing of the petition." The crux of the issue is whether Michigan's statutory interest charges, administrative fees, etc. for delinquent taxes, as assessed against the Debtor, qualify as "a penalty." This issue was decided in <u>Williams v. Wayne County Treasurer et. al</u>, 13-04215 (Bankr. E.D. Mich. 2013), in which that Court denied the Treasurer's motion for summary judgment and it was found that "payable without penalty" in Michigan should be interpreted to mean payable without interest, administrative fees, or the possibility of forfeiture. Dkt. 37 at 4. That case is currently on appeal to the District Court (13-cv-14970).

This Court need not reach a conclusion on the § 507(a)(8)(b) issue because, despite the fact it is a question of law and notwithstanding <u>Williams</u>, it is essentially beyond the scope of this adversary proceeding, the focus of which, as noted, is the existence, extent, and treatment of secured liens on the property. In the event that the Treasurer is deemed wholly or partially unsecured, its § 507(a)(8)(b) arguments would be more appropriately raised in the context of

plan confirmation and its treatment under the plan. The inquiry in this adversary proceeding appears to be predominantly, if not solely, relating to the value of the subject property, which determines how secured the Treasurer is, if at all. The adversary proceeding should move forward accordingly.

Debtor's supplemental brief (dkt. 21) argued that pursuant to § 502(b)(3), the Treasurer's claim should be disallowed insofar as it exceeds the value of the estate's interest in the subject property. The Court similarly finds that such argument, which pertains to claim disallowance, is not appropriately dealt with in this adversary proceeding and need not be considered at this time.

## CONCLUSION

Accordingly, the Treasurer's motion for summary judgment is denied. The Court will contemporaneously enter an appropriate order and thereafter issue a scheduling order.

**Signed on March 18, 2014**

                **/s/ Walter Shapero**
             **Walter Shapero**
             **United States Bankruptcy Judge**